UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. RICKY BONIN | CIVIL ACTION NO. 05-1005 |
| | JUDGE DOHERTY |
| VS. | |
| | MAGISTRATE JUDGE METHVIN |
| COMMUNITY CARE CTR. OF ST. MARTINVILLE, LLC MAGNOLIA MANAGEMENT CORP. SOUTHERN MAGNOLIA, LLC COMMCARE LOUISIANA COMMCARE CORP. | |

### *RULING ON DEFENDANTS' JOINT MOTION FOR MORE DEFINITE STATEMENT* *(Rec. Doc. 45)*

Before the court is defendants' Joint Motion for More Definite Statement under Rule 12(e).  Plaintiff opposes the motion.[1]

This is a *qui tam* suit in which plaintiff, who is the former administrator of the St. Martinville Rehabilitation and Nursing Center, alleges that defendants fraudulently billed Medicare/Medicaid.  Plaintiff asserts claims under the False Claims Act and Louisiana's Qui Tam Action.

In the instant motion, defendants seek an order requiring plaintiff to state the details of the claim asserted against defendants, including, but not limited to, the following:

(1)     which document each defendant is responsible for altering, forging, and/or creating;

(2)     which patients were identified on the list of patients supplied by Myers and Stauffer,[2] and delivered, prior to the April 2005 audit, to Chris

---

[1] Rec. Doc. 49.

[2] Movers incorrectly refer to this accounting firm as "Meyers and Stoffer" in their motion.

2

Delaune, Annette Bourque, Lisa Lee, Amy Bullard, and/or Mindy Primeaux.[3]

Recently, both the undersigned and the district judge addressed whether plaintiff's claims in this case have been sufficiently alleged such that defendants should be required to answer the complaint and amended complaint in order to allow the case to proceed.  Specifically, on April 11, 2008, the undersigned issued a report recommending that defendants' Joint Motion to Dismiss, which included an alternative request for more definite statement, be granted as it related to plaintiff's False Claims Act Claim under the theory of "false certification" and denied in all other respects.[4]  The undersigned concluded that:

> [P]laintiff has adequately stated a fraud claim under the FCA and Louisiana's *qui tam* statute, even under the heightened pleading requirement of Rule 9(b). Plaintiff has stated "'the particulars of time, place, and contents of the false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud."  U.S. ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 384 (5th Cir. 2003)(citations omitted).

> Defendants cite no persuasive authority for the proposition that plaintiff must allege in the complaint, prior to discovery, every possible detail concerning the falsified documents – e.g., exact patient names – in order to meet the requirements of Rule 9(b).  Plaintiff has provided sufficient detail by which the exact documents may be identified.  Plaintiff alleges that he cannot, at this time, "identify all of the false claims for payment" because the records are in defendants' possession.

On May 16, 2008, the district judge, in adopting the recommendation, concluded that plaintiff provided sufficient factual allegations to withstand the court's scrutiny, and that an order requiring a more definite statement was not necessary:

---

[3] Rec. Doc. 45-3.

[4] Rec. Doc. 38.

3

Defendants' argument that plaintiffs allegations do not sufficiently plead fraud are not persuasive.  Indeed, although no answer has been filed in this case, defendants presumably deny plaintiffs allegations of fraud and will presumably offer their patient files and the MDSs/ADLs for each involved patient to prove those patients got the restorative care that was reported and performed the activities of daily living they were reported to have performed. Therefore, defendants will likely argue *no* false information was submitted to Medicare.

\*\*\*

Plaintiff acknowledges he cannot, at this time, "identify all of the false claims for payment" because the records are in *defendants'* possession.  The Fifth Circuit has held "when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the Rule 9(b) standard is relaxed, and fraud may be pled on information and belief, provided the plaintiff sets forth the factual basis for his belief." *Russell*, 193 F.3d at 308.  Here, plaintiff alleges specific documents were falsified and/or forged, on discernible dates, by identified individuals.  Therefore, as the magistrate judge noted, although discovery will allow plaintiff to more precisely identify the patient charts at issue, plaintiff has pled his claims in far more detail than merely "on information and belief."

Finally, the Court notes the plaintiff has not alleged the falsified information pertained to *hundreds* of patients, nor does plaintiff vaguely contend the false information concerns, for example, *all* patients on a certain floor of the nursing home or all *patients* in a certain wing of the home. Rather, the plaintiff rather precisely alleges the false statements were restricted to the 22 names on the Myers and Stauffer audit list and specifically names the defendant employees who were allegedly involved in the falsification of records and documents and the signature allegedly falsified. **While this Court notes a motion for more definite statement, which is generally disfavored but appropriate to address a failure to comply with the heightened pleading requirements of Rule 9, might provide more clarity as to *which* defendants performed which allegedly fraudulent acts, the Court concludes that because the records are in the possession of the defendants, it may prove difficult, if not impossible, for plaintiff without benefit of the records, to remember which defendants performed which acts as to which charts**.[5]

The instant motion is in essence a rehashing of the issues previously decided, albeit couched in somewhat different terms, and supported by additional factual allegations.

---

[5] Rec. Doc. 43, emphasis added.

4

Defendants again seek to have plaintiff provide substantial detail *prior to discovery* of the documents in defendants' possession, despite the fact that the Court has already determined that the complaint, as amended, provides sufficient factual details to meet the heightened pleading requirement of Rule 9.  None of the additional arguments offered by defendants is persuasive.

Federal Rule of Civil Procedure 12(e) states, in relevant part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired."  The court is afforded discretion in determining whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.  Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir.1959).   Generally motions for more definite statement are denied on the ground that discovery is the more appropriate vehicle for obtaining additional information about the plaintiff's claims. See, e.g., Id.; 5A C. Wright & A. Miller, Federal Practice and Procedure § 1377 (2nd ed.1990).  Rule 12(e) is designed to correct unintelligible allegations, rather than lack of detail.

Plaintiff has sufficiently pled the facts of this case in the complaint and amended complaint.  The Court considered the option of requiring a more definite statement, however, that was rejected because the documents required for such detail are in the defendants' possession rather than plaintiff's.  Additionally, a review of the complaint and amended complaint show that defendants can respond absent the additional detail requested.  As noted by the district judge, it can be presumed that defendants will deny the allegations of fraud.  Thus, in light of the finding that plaintiff has satisfied the heightened pleading requirement, it is unnecessary at this stage to

5

provide the details concerning which defendant allegedly forged which document and which patients' charts were altered prior to the April 2005 audit.  Rather, this information should be pursued during discovery.

### *Conclusion*

For the foregoing reasons, defendants' Joint Motion for More Definite Statement is DENIED.

Signed at Lafayette, Louisiana, on June 26, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)